# JOSEPH, GREENWALD & LAAKE, P.A.
### ATTORNEYS AT LAW



**Joseph M. Creed**
*Attorney at Law*

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
Direct Dial: (240) 553-1191
Direct Fax:  (240) 553-1759
Email: jcreed@jgllaw.com
**www.jgllaw.com**

May 3, 2013

*Via Electronic Filing*

The Honorable Paul Grimm
Judge, United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *Corine Elat v. Caroline Ngoubene et al*, Case No.: 11-2931-PWG

Dear Judge Grimm:

      This letter outlines the scope of the joint defense privilege that Defendants assert and addresses the inadvertent disclosure referenced in Defendants' privilege log.

**I.    Pertinent Factual Background.**

      Plaintiff's lawsuit arises from allegations that she was brought from Cameroon to the United States under false pretenses and forced to work as a housekeeper by the Ngoubene family in their home without any compensation.

      The Ngoubene family consists of Francois and Marie-Therese as the parents, their four daughters Arlette, Caroline, Dany, and Roxane, and their two sons, Hermes Christian and Collins.

      Plaintiff left the Ngoubene home in May 2008. Sec. Am. Compl. ¶ 54. Subsequently, she sent, through her then-attorneys, a demand letter to Francois and Marie-Therese Ngoubene on or about June 3, 2008. Sec. Am. Compl. ¶ 58. She sent a second demand letter, through counsel, to Francois and Marie-Therese on April 21, 2010. Sec. Am. Compl. ¶ 60. Before the filing of the lawsuit, attorneys purporting to represent Plaintiff also called the Ngoubene family home in pursuit of Plaintiff's demands.

      Due to Plaintiff's demands and the threat of litigation if those demands were not met, the Ngoubene family retained the services of Wayne Rusch, Esq. of the law firm of Berliner, Corcoran and Rowe LLP in November 2010. Mr. Rusch represented all members of the family who were targets or potential targets of Plaintiff's claims.

The Honorable Paul Grimm
May 3, 2013
Page 2

      Plaintiff filed her complaint in this action in November 2011. Plaintiff's initial complaint named as defendants all members of the Ngoubene family, with the exception of Arlette and Christian. Francois and Marie-Therese Ngoubene retained new counsel. The four children named as defendants—Caroline, Dany, and Roxane, and Collins—retained separate counsel.

      Plaintiff's claims against Francois, Marie-Therese, and Collins have since been dismissed without prejudice on grounds of diplomatic immunity. (Docket No. 43.) They are still represented by counsel in relation to this matter. The remaining defendants are Caroline, Dany, and Roxane Ngoubene.

## II.    Law and Argument.

### A.    Defendants' communications with each other are privileged.

   "The joint defense privilege, also known as the common interest rule, has been described as an extension of the attorney client privilege." *United States v. Aramony*, 88 F.3d 1369, 1392 (4th Cir. 1996) (internal quotation marks omitted). The policy behind the joint defense privilege is that "persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." *In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129 (Under Seal)*, 902 F.2d 244, 249 (4th Cir. 1990). This Court has explained that the privilege applies to communications among parties with a common legal interest to the extent the communications are part of an ongoing legal enterprise:

> The proponent of the common interest privilege must establish that when communications were shared among individuals with common legal interests, the act of sharing was part of an ongoing common legal enterprise. Moreover, the party asserting the common interest privilege is obligated to explicitly define the nature and scope of the interest (identical or merely similar) it allegedly has . . . and specify the extent any legal interests overlapped with commercial interests or other conversations.

*Prowess, Inc. v. Raysearch Labs. AB*, 2013 U.S. Dist. LEXIS 21449, 15 (D. Md., Feb. 11, 2013) (internal quotation marks omitted).

      The party asserting the privilege must establish that "(1) the communicating parties shared an identical legal interest, (2) the communication was made in the course of and in furtherance of the joint legal effort, and (3) the privilege had not been waived." *Prowess, Inc. v. RaySearch Labs. AB*, 2013 U.S. Dist. LEXIS 62033, 7 (D. Md., Apr. 30, 2013). Each of these elements is present with respect to communications among members of the Ngoubene family.

The Honorable Paul Grimm
May 3, 2013
Page 3

### *1. All members of the Ngoubene family share a common legal interest as potential targets of Plaintiff's claims.*

Defendants assert a joint defense privilege as to communication between all the members of the Ngoubene family starting from November 2010 and continuing to the present that relate to this case and would ordinarily be protected under the attorney-client privilege.

When Plaintiff initially sent demand letters to the Ngoubene family, all members of the family were potential targets of this litigation. Plaintiff alleged that she had been forced against her will to live in the Ngoubene house and work as a housekeeper. All members of the family were at risk of litigation and had a common legal interest as potential defendants.

When Plaintiff filed this action, she made allegations in her complaint against several members of the Ngoubene family. Most of Plaintiff's allegations are directed at Francois and Marie-Therese. Additionally, in her deposition Plaintiff made allegations against Arlette, who is not named as a defendant in the complaint:

> Q Did Dany, Caroline, or Roxane Ngoubene ever tell you that you would be going to nursing school if you came to the United States?
> A When I came over. Not before.
> Q And who told you what when you came over?
> A I remember Dany, Arlette, and Caroline.
> Q Who is Arlette?
> A Arlette. It's one of the Ngoubenes' sisters.

(Corine Elat Dep. 170-171.)

Even after the claims against Francois, Marie-Therese, and Collins were dismissed based on diplomatic immunity, they remain potential targets of litigation. The federal Trafficking Victims Protection Reauthorization Act, the basis for Plaintiff's first claim for relief in this case, includes a ten-year statute of limitations. 18 U.S.C. § 1595(c). The claims against Francois, Marie-Therese, and Collins were dismissed without prejudice. They remain potential targets of litigation by Plaintiff for years to come.

All the members of the Ngoubene family therefore share a common legal interest as defendants or potential defendants of Plaintiff's claims. This common legal interest arose in June 2008 when Plaintiff first sent a demand letter to the Ngoubene family. The joint defense privilege took effect in November 2010 when the family retained counsel and remains in effect to this day.

The Honorable Paul Grimm
May 3, 2013
Page 4

2.  *Members of the Ngoubene family communicated with each other in furtherance of their joint legal effort.*

After they retained counsel in November 2010, members of the Ngoubene family communicated orally and in writing regarding the subject matter of the litigation and their joint defense. The very purpose of the joint defense privilege is to ensure that the attorney-client privilege extends to such communications and to thereby enable parties with a joint legal interest to communicate freely in furtherance of that interest. *In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129 (Under Seal)*, 902 F.2d at 249.

The Court of Appeals has recognized that "it is unnecessary that there be actual litigation in progress for [the joint defense] privilege to apply." *Aramony*, 88 F.3d at 1392. The joint defense privilege first applied to members of the Ngoubene family when they retained counsel in November 2008 even though Plaintiff had not yet filed suit. The privilege applies to all of their communications in furtherance of their joint legal interest from the time they retained counsel through the present.

3.  *The privilege has not been waived.*

The final element of the joint defense privilege is the requirement that the privilege has not been waived. Here, the privilege applies to communications between members of the Ngoubene family who are defendants or potential targets of Plaintiff's claims. Because the privilege applies to all members of the Ngoubene family, the communications among them—even those including the non-defendant members of the family—are privileged and there has been no waiver of the privilege.

B.  **Defendant's inadvertent disclosure of a draft affidavit did not waive the joint defense privilege.**

After the Ngoubene family retained counsel, but before suit was filed, some members of the family exchanged draft affidavits by e-mail. These affidavits were drafted on the advice of counsel and were intended to be used by counsel. In one such e-mail on October 31, 2011, Defendant Caroline Ngoubene sent a draft affidavit to family members to whom the joint defense privilege applies— Arlette Ngoubene, Collins Ngoubene, Dany Ngoubene, Francois Ngoubene, Hermes Christian Elat Ngoubene, and Roxane Ngoubene. Caroline inadvertently included a cousin, Clarisse Ezia, as a recipient of the e-mail.

After defense counsel reviewed e-mails for purpose of document production in this case, Caroline was made aware of her inadvertent disclosure to Clarisse Ezia. Caroline learned of the inadvertent disclosure for the first time on January 18, 2013.

Defendant's counsel contacted Ms. Ezia as soon as her contact information was obtained in late January 2013. Counsel requested that Ms. Ezia immediately destroy the October 31, 2011

4

The Honorable Paul Grimm
May 3, 2013
Page 5

e-mail and any attachments. Ms. Ezia did not even recall receiving the e-mail, the content of the e-mail, or the draft affidavit. She nevertheless agreed to review her e-mail account and destroy any e-mails she received from Caroline on October 31, 2011. Caroline never discussed the content of the e-mail or the draft affidavit with Ms. Ezia and did not even realize that Ms. Ezia was copied on the e-mail until January of this year.

With respect to inadvertent disclosures, Fed. R. Evid. 502(b) states:

When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
   (1) the disclosure is inadvertent;
   (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
   (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Here, the disclosure of Caroline's draft affidavit—which was privileged and attorney work-product—was inadvertent. Caroline intended to send the draft affidavit only to her immediate family members to whom the joint defense privilege applied. She had no intention of sending the draft affidavit to her cousin, Clarisse Ezia, and did not even realize that she had done so until recently.

Caroline took reasonable steps to prevent the disclosure by attempting to send the draft affidavit by private e-mail only to immediate family members with whom she enjoyed a privilege. She did not make the draft affidavit publicly available or disseminate it in a way that would have placed her at risk of a disclosure to third parties. She reasonably intended to e-mail it only to immediate family members, but inadvertently and unknowingly sent it to a third-party.

Finally, Caroline promptly took reasonable steps to rectify the error immediately after she became aware of it. Her counsel contacted Ms. Ezia as soon as practicable after Caroline learned of the disclosure. Counsel requested that Ms. Ezia—who was not even aware of the disclosure—destroy the privileged communication and work product, and she agreed to do so.

Therefore, under Fed. R. Evid. 502(b), this inadvertent disclosure did not waive the joint defense privilege and Defendants should not be required to produce the October 31, 2011 e-mail or the draft affidavit.

The Honorable Paul Grimm
May 3, 2013
Page 6

                                       Respectfully submitted,

                                       JOSEPH, GREENWALD & LAAKE, P.A.

                                       Joseph M. Creed